UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

| | |
|---|---|
| SHLOMO OVED on behalf of himself and all others similarly situated, | Docket No.: 11cv768 (RRM) (RML) |
| Plaintiff, | **ANSWER TO AMENDED CLASS ACTION COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| FOCUS RECEIVABLES MANAGEMENT, LLC, | |
| Defendant. | |

-----------------------------------------------------------------

Defendant, FOCUS RECEIVABLES MANAGEMENT, LLC, by its attorneys, ABRAMS, GORELICK, FRIEDMAN & JACOBSON, P.C., as and for its Answer to the Amended Class Action Complaint alleges, upon information and belief, as follows:

### IN RESPONSE TO "INTRODUCTION"

1. Denies each and every allegation set forth in paragraph "1" of the Complaint and refers all questions of law to the Court.

### IN RESPONSE TO "PARTIES"

2. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "2" of the Complaint.

3. Denies each and every allegation set forth in paragraph "3" of the Complaint and refers all questions of law to the Court.

4. Admits the allegation contained in paragraph "4" of the Complaint.

5. Denies each and every allegation set forth in paragraph "5" of the Complaint and refers all questions of law to the Court.

6. Denies each and every allegation set forth in paragraph "6" of the Complaint and refers all questions of law to the Court.

## IN RESPONSE TO "JURISDICTION AND VENUE"

7. Denies each and every allegation set forth in paragraph "7" of the Complaint and refers all questions of law to the Court.

8. Denies each and every allegation set forth in paragraph "8" of the Complaint and refers all questions of law to the Court.

## IN RESPONSE TO "ALLEGATIONS PARTICULAR TO SHLOMO OVED"

9. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "12" of the Complaint.

13. Denies each and every allegation set forth in paragraph "13" of the Complaint.

14. Denies each and every allegation set forth in paragraph "14" of the Complaint.

15. Denies each and every allegation set forth in paragraph "15" of the Complaint.

16. Denies each and every allegation set forth in paragraph "16" of the Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Policies Act brought by plaintiffs on behalf of himself and the members of a class, as against defendant.*

17. Repeats, reiterates and realleges each and every response to paragraphs "1" through "16", inclusive, of the Complaint in answer to paragraph "17" of the Complaint, with the same force and effect as if fully set forth herein.

18. Denies each and every allegation set forth in paragraph "18" of the Complaint and refers all questions of law to the Court.

19. Denies each and every allegation set forth in paragraph "19" of the Complaint and refers all questions of law to the Court.

20. Denies each and every allegation set forth in paragraph "20" of the Complaint and refers all questions of law to the Court.

21. Denies each and every allegation set forth in paragraph "21" of the Complaint and refers all questions of law to the Court.

22. Denies each and every allegation set forth in paragraph "22" of the Complaint and refers all questions of law to the Court.

23. Denies each and every allegation set forth in paragraph "23" of the Complaint and refers all questions of law to the Court.

24. Denies each and every allegation set forth in paragraph "24" of the Complaint and refers all questions of law to the Court.

25. Denies each and every allegation set forth in paragraph "25" of the Complaint and refers all questions of law to the Court.

*In Response to "Violations of the Fair Debt Collection Practices Act"*

26. Denies each and every allegation set forth in paragraph "26" of the Complaint.

27. Denies each and every allegation set forth in paragraph "27" of the Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

*Violation of the Telephone Consumer Protection Act brought by plaintiff*

28. Repeats, reiterates and realleges each and every response to paragraphs "1" through "14", inclusive, of the Complaint in answer to paragraph "28" of the Complaint, with the same force and effect as if fully set forth herein.

29. Denies each and every allegation set forth in paragraph "29" of the Complaint.

30. Denies each and every allegation set forth in paragraph "30" of the Complaint.

31. Denies each and every allegation set forth in paragraph "31" of the Complaint and refers all questions of law to the Court.

32. Denies each and every allegation set forth in paragraph "32" of the Complaint and refers all questions of law to the Court.

33. Denies each and every allegation set forth in paragraph "33" of the Complaint.

34. Denies each and every allegation set forth in paragraph "34" of the Complaint and refers all questions of law to the Court.

35. Denies each and every allegation set forth in paragraph "35" of the Complaint and refers all questions of law to the Court.

36. Denies each and every allegation set forth in paragraph "36" of the Complaint and refers all questions of law to the Court.

37. Denies each and every allegation set forth in paragraph "37" of the Complaint.

*In Response to "Violations of the Telephone Communications Privacy Act"*

38. Denies each and every allegation set forth in paragraph "38" of the Complaint.

39. Denies each and every allegation set forth in paragraph "39" of the Complaint

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

40. The telephone messages allegedly left for Mr. Oved were not confusing to the least sophisticated consumer.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

41. The telephone message allegedly left with Mr. Oved provided the disclosures required by the FDCPA and the TCPA.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

42. At all times, the defendant believed that it had the consent of Mr. Oved to contact him on his cell phone.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

43. If it were to be determined that the conduct of the defendant constituted a violation of the FDCPA, said violation was the result of a bona fide error on behalf of the defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44. If it were to be determined that the conduct of the defendant constituted a violation of the TCPA, said violation was the result of a bona fide error on behalf of the defendant.

WHEREFORE, the defendant, FOCUS RECEIVABLES MANAGEMENT, LLC., demands judgment dismissing the Amended Class Action Complaint, together with the costs and disbursements of this action.

Dated: New York, New York
May 2, 2011

ABRAMS, GORELICK, FRIEDMAN & JACOBSON, P.C.
Attorney for Defendant
Focus Receivables Management, LLC.

By: _____
Barry Jacobs (BJ-0216)
One Battery Park Plaza - 4th Floor
New York, New York 10004
(212) 422-1200
File No.: 7613

TO: ADAM J. FISHBEIN, P.C.
Attorney for Plaintiff
483 Chestnut Street
Cedarhurst, New York 11516
(516) 791-4400