| AGF&J | Abrams, Gorelick, Friedman & Jacobson, PC<br>Attorneys At Law | One Battery Park Plaza<br>4th Floor<br>New York, NY 10004 | Phone: 212 422-1200<br>Fax: 212 968-7573<br>www.agfjlaw.com |

November 8, 2011

Via ECF
Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Oved v. Focus Receivables
           Case No.:    11-CV—00768 (RRM)(RNL)
           Our File No.: 7613

Dear Judge Mauskopf:

    Please accept this as the parties' joint status report. This is being submitted in compliance with Your Honor's October 28, 2011 Order.

    Counsel have been directing their attention to identifying the issues in this litigation, and investigating whether or not the case could be resolved without the need for extensive discovery. On behalf of the defendant, a detailed letter was sent to Mr. Fishbein dated October 6, 2011, setting forth the defendant's positions with regard to the claims set forth in plaintiff's amended complaint. It is the defendant's belief that the FDCPA and TCPA claims lack merit. In connection with the FDCPA claim, the defendant's position is that the debt that was incurred was a business debt, which falls outside of the statutory definition of what constitutes "debt." For these reasons, the defendant has suggested to Mr. Fishbein that the FDCPA claims should be discontinued. Mr. Fishbein has verbally responded to counsel for the defendant, disagreeing with the defense position.

    In connection with the TCPA claims, the defense has brought the case of <u>Santino v. NCL Financial Systems, Inc.</u>, 2011 WL 754874 (W.D.N.Y., 2011) to Mr. Fishbein's attention, and have urged that because of the holding of the <u>Santino</u> case, the TCPA claims must likewise be discontinued. The defense position is that since the defendant is calling on behalf of a creditor, who has an existing business relationship with the plaintiff, and the calls to plaintiff were made for a commercial non-solicitation purpose, the calls are exempt from the TCPA's prohibitions of pre-recorded calls to residences. Mr. Fishbein has verbally disagreed with the defendant's position. The plaintiff asserts that the <u>Santino</u> decision concerns only calls made by a debt collector to a landline. The defendant placed calls to a wireless paging service where the plaintiff is charged for each call. Therefore, the <u>Santino</u> decision does not apply.

| AGF&J | Abrams, Gorelick, Friedman & Jacobson, PC |
|---|---|
| | Attorneys At Law |

Honorable Roslynn R. Mauskopf
November 8, 2011
Page 2 of 2

      With regard to the status of discovery, the parties acknowledge the initial conference order entered on June 20, 2011 which directed that class and merits discovery is to be completed by November 30, 2011. The parties have been concentrating on identifying the issues, and efforts have been made to resolve the case without proceeding with extensive discovery. It now appears that there will be some discovery which is needed. Plaintiff has noticed the deposition of the defendant for November 10, 2011 via telephone but has not received confirmation from defendant that the defendant is prepared to go forward. On behalf of the defendant, counsel will be serving document demands as well as interrogatories to be answered by the plaintiff. We will also be serving a Notice of Deposition of Mr. Oved. In view of the discovery which remains outstanding, the parties jointly request an extension of the discovery period to February 15, 2012.

      In addition to the above, I have a personal reason for requesting an extension of the discovery period. I am in the midst of a number of surgical procedures. This past Friday, I underwent a cataract correction and lens removal and implantation in my right eye. A similar procedure is scheduled for November 17. Thereafter, on December 6, 2011, I am scheduled for a two level laminectomy by Dr. James Farmer at the Hospital for Special Surgery, and am told to expect to be out of work for a number of weeks following that surgery, and not to expect to resume full activity level until six weeks following the surgery. For this reason, as well, I personally request an extension of the discovery period until February 15, 2012.

      Thank you for your consideration of the above. I look forward to further instruction from the Court.

Respectfully yours,
ABRAMS, GORELICK, FRIEDMAN
& JACOBSON, P.C.
BY: _____
Barry Jacobs

BJ:rf

CC:    Via E-mail: fishbeinadamj@gmail.com
         Mr. Adam J. Fishbein, Esq.
         483 Chestnut Street
         Cedarhurst, New York 11516