| | | | |
|---|---|---|---|
| AGF&J | Abrams, Gorelick, Friedman & Jacobson, PC<br>Attorneys at Law | One Battery Park Plaza<br>4th Floor<br>New York, NY  10004 | Phone: 212 422-1200<br>Fax: 212 968-7573<br>www.agfjlaw.com |

April 27, 2012

Via ECF
Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  Oved v. Focus Receivables Management, LLC.
      Case No.:  11-CV-00768 (RRM)(RNL)
      Our File No.: 7613

Dear Judge Mauskopf:

  We represent the defendant in the above matter, and submit the following, pursuant to your rules, as our request for a pre-motion conference.  As we will outline below, we seek leave of Court to move to dismiss plaintiff's Complaint on the grounds that final judgment entered in a national class action in the case of <u>Delores Krug, et al. v. Focus Receivables Management, LLC.</u>, filed on November 1, 2011, in the Superior Court of the State of New Jersey, Law Division Bergen County, acts as a *res judicata* bar to this litigation.  For the Court's ready reference, I attach a copy of the <u>Krug</u> final judgment.

  In plaintiff's original Complaint (docket entry No. 1), plaintiff alleged that on specified dates in February and March of 2010, the defendant left messages for him which did not provide disclosure as required by the FDCPA.  As I read the initial Complaint, only violations of the FDCPA were alleged.  Soon thereafter, plaintiff caused an Amended Complaint to be served (docket entry No. 5).  In the Amended Complaint, plaintiff alleged violations of both the FDCPA and TCPA and expanded the period of telephone calls to include January 2010 though April 2010.  Both violations of the FDCPA and TCPA are alleged to derive from the telephone calls.

  Defendant submits that the contents of the <u>Krug</u> final judgment acts as a *res judicata* bar to this litigation for the following reasons.  First, the dates of the alleged violation in this matter clearly fall within the class period as defined in <u>Krug</u>.  The Krug final judgment defines the class period as beginning on August 21, 2008 and ending on August 19, 2011 (page 5, paragraph 1).  Since the Amended Complaint in this case places the allegedly violative calls between January and April 2010, there is no question that each of the alleged violations in this case are subsumed in the Krug final judgment.  Next, Mr. Oved is clearly a person who falls with the settlement class.  The Krug final judgment (page 5, paragraph 2) defines the class as "all natural persons in the United

Honorable Roslynn R. Mauskopf
April 27, 2012
Page 2 of 3

States and Puerto Rico whom, during the class period, received from defendant at least one voice mail message on the person's telephone answering device or automated telephone call which message or call either failed to identify Defendant as the caller, state the purpose or nature of the call, or disclose that the call was from a debt collector. . ." As a result, Mr. Oved questionably is a member of the Krug class. The Krug final judgment clearly states that there are no putative class members who elected to opt out of the class, or timely filed and served objections to the national class settlement. (Krug judgment, paragraphs H and I, page 3).

Although the Krug case dealt only with FDCPA claim, the defendant contends that the releasing language is broad enough to include the TCPA claim alleged by Oved. Paragraph 6 A and B releases the Released Parties from the Released Claims. In paragraph 6A, the individuals plaintiffs released Focus Receivables from "all known and unknown claims, actions, causes of action . . . they, their heirs, executors, and administrators, successors, assigns and attorneys may have against defendant. . . as of the date of this Agreement, it being the Plaintiff's intent to release all claims of any kind or nature, known or unknown, plead or unplead, arising pursuant to contract, tort, common law, Federal or State law, statute or regulation, that they may have against the parties herein released." Paragraph 6B reiterates the releasing language, except Releasors are the Class.

In addition, defendant contends that paragraph 7 of the Krug final judgment removes any doubt that it acts as a *res judicata* bar to this litigation. Paragraph 7 provides "Plaintiffs and the Class Members are forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any state, Federal, or Foreign Court or arbitration forum, against the Released Parties based on any Released Claim."

To recap, Focus contends that Mr. Oved is a member of the Krug Class, the dates of violation that he alleges fall within the Class Period as defined in the Krug final judgment, the claims made in this litigation fall within the definition of a Class Claim as defined in the Krug final judgment, that the releasing language in the Krug final judgment subsumes the claims made by Mr. Oved in this litigation. For these reasons, we contend that the Krug final judgment operates as a *res judicata* bar to the continuation of this litigation. Accordingly, we request permission of the Court to move to dismiss plaintiff's Complaint.

This application is timely filed with the Court, in accordance with order of Magistrate Judge Levy dated April 24, 2012, which directed the defendant to file its pre-motion conference letter addressed to the Court no later than May 4, 2012.

Honorable Roslynn R. Mauskopf
April 27, 2012
Page 3 of 3

   We thank the Court for its consideration of the above, and await further instruction.

              Respectfully yours,
              ABRAMS, GORELICK, FRIEDMAN
              & JACOBSON, LLP.

              BY:____/s/_____
                Barry Jacobs

BJ:rf
Enclosure

CC: Via E-mail: fishbeinadamj@gmail.com
   Mr. Adam J. Fishbein, Esq.
   483 Chestnut Street
   Cedarhurst, New York 11516