**FILED**
NOV 1 ˉ 2011

| | |
|---|---|
| DOLORES KRUG an individual; BRUCE HUFFMAN, an individual; and DONALD MARSO, an individual; JONATHAN SUPLER, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FOCUS RECEIVABLES MANAGEMENT, LLC, a Georgia limited liability company,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION<br>BERGEN COUNTY<br><br>Civil Action<br>Docket No. BER-L-4337-11<br><br>**FINAL JUDGMENT** |

THIS MATTER HAVING come before the Court for a final hearing pursuant to *R.* 4:32-2(e)(C) scheduled pursuant to the Order ("Preliminary Order") filed August 19, 2011, and the Court having conducted such a hearing in the presence of counsel, and the Court considered the papers submitted which led to the entry of the Preliminary Order, such other papers as have been filed subsequent to the entry of the Preliminary Order, such papers as were presented at the hearing, and the arguments and representations of counsel, and based on all of the foregoing, the Court finds and concludes as follows:

A.  The Complaint in this action alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"). Defendant denies Plaintiffs' allegations and asserts, *inter alia*, that its conduct was not in violation of that Act. The settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

B.  Plaintiffs and Defendant entered into a Class Action Settlement Agreement ("Agreement") dated as of August 17, 2011.

C. On August 19, 2011, the Court entered an Order ("Preliminary Order") which, among other things, (A) conditionally certified this action under R. 4:32-1(b)(1) and (3), including defining the class and class claims, appointed Plaintiffs as the class representatives, and appointed class counsel; (B) preliminarily approved the Agreement; (C) approved the form and manner of notice to the Class; (D) set the deadlines for opt-outs and objections; and (E) set the date for the Final Hearing and approval of class counsel's fee application.

D. In the Preliminary Order, the Court certified the settlement Class, consisting of:

All natural persons in the United States and Puerto Rico whom, during the Class Period from August 21, 2008 to the date of this Order, received from Defendant at least one voice message on the person's telephone answering device or an automated telephone call which message or call either failed to identify Defendant as the caller, state the purpose or nature of the call, or disclose that the call was from a debt collector, excluding those persons who:
(a) filed for bankruptcy protection since the start of the Class Period;
(b) entered into any general release with Defendant;
(c) are deceased; or
(d) filed a claim arising under the FDCPA against Defendant in any action commenced prior to the date of the Preliminary Order.

E. In the Preliminary Order, the Court defined the Class Claims as any and all claims and causes of action arising from Defendant's voice message left on a person's telephone answering device or Defendant's automated telephone call which failed to identify Defendant as the caller, state the purpose or nature of the call, or disclose that it was from a debt collector and was left during the Class Period.

F. In the Preliminary Order, the Court defined the Class Period as the continuous period beginning on August 21, 2008 and continuing through and including the date of the Preliminary Order.

2

G. The Class notices as prescribed in the Preliminary Order were published in substantially the form approved by the Court and in the manner approved by the Court which notices were consistent with *R.* 4:32-2(b)(1) and due process and gave the Class fair, adequate and reasonable notice of this action, the proposed Class Settlement Agreement and the Class Member's rights to opt-out and/or object to the agreement.

H. The following individuals timely filed and served an election to opt out of the Class: NONE.

I. The following individuals timely filed and served objections, all of which the Court has duly considered and overrules: NONE.

J. The proposed settlement is fair, reasonable and adequate and meets the requirements of *R.* 4:32-1(a) and *R.* 4:32-2(e)(1)(C), particularly in light of the following factors;

    (1) the complexity, expense and likely duration of the litigation;

    (2) the reaction of the Class to the settlement;

    (3) the stage of the proceedings and the amount of discovery completed;

    (4) the risks of establishing liability;

    (5) the risks of establishing damages;

    (6) the risks of maintaining the class action through trial;

    (7) the ability of the Defendant to withstand a greater judgment, especially given the cap on class action damages in the FDCPA;

    (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and

    (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

K. The Agreement calls for Defendant to provide the following relief to the Plaintiffs and the Class:

   (1) Defendant shall pay a *cy pres* distribution on behalf of the Class, the total sum of $22,384.90. This sum represents one percent of Defendant's net worth, which is the maximum statutory class amount provided under the Fair Debt Collection Practices Act ("FDCPA").

   (2) Defendant will also pay to each of the four-named Plaintiffs for their individual, statutory claims the total amount of $1,000 each, as provided for in 15 U.S.C. § 1692k, and in consideration of their service to the Class, Defendant will pay to the four-named Plaintiffs an additional $500 each, for a total of $6,000 to be paid within three Business Days after the Effective Date of the Agreement.

L. Defendant agreed to pay the reasonable attorneys' fees, costs and expenses of Plaintiffs' attorney/Class Counsel, not to exceed $77,500.00.

M. Defendant agreed to pay the sum of the *cy pres* payment, class representative payments, and Class Counsel's attorney's fees within 35 days after the entry of this Final Judgment to Class Counsel to be held in escrow and distributed after the Effective Date of the Agreement.

N. The Court finds that Class Counsel has secured payments for the benefit of the Class, and that he should be compensated for his reasonable and necessary attorneys' fees, costs and expenses in this case in the amount of $77,500.00 to be paid by Defendant in addition to the compensation to Plaintiffs and the Class, which amount the Court finds to be fair and reasonable. The Court further finds the proposed *cy pres* recipients, <u>the United Way Financial Stability Program and the Lions Club International Foundation (restricted to use in the United States)</u>, to be appropriate and proper and in accordance with the terms of the Parties' Agreement.

O. The Court finds the settlement to be fair, adequate and reasonable based upon the limitation on class liability created by 15 U.S.C. § 1692k and the fact that there has been

no admission of wrongdoing, and Defendant has not been found to have acted unlawfully. Furthermore, the lack of objections and opt-outs by Class Members is further evidence of the fairness, reasonableness, and adequacy of the settlement.

P. The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Agreement are fair, reasonable, and adequate to Plaintiffs and all Class Members.

and for good cause shown;

**IT IS ON THIS ___ DAY OF NOVEMBER, 2011; ORDERED AND ADJUDGED:**

1. The class certification in the Preliminary Order is confirmed allowing this action to be maintained as a Class Action under R. 4:32-1(b)(1) and (3), including the appointment of the Class representatives and Class Counsel. The "Class Period" began on August 21, 2008 and ended on August 19, 2011 (the date of the Preliminary Order).

2. The Class is defined as:

> All natural persons in the United States and Puerto Rico whom, during the Class Period, received from Defendant at least one voice message on the person's telephone answering device or automated telephone call which message or call either failed to identify Defendant as the caller, state the purpose or nature of the call, or disclose that the call was from a debt collector, excluding those persons who:
> A.  filed for bankruptcy protection since the start of the Class Period;
> B.  entered into any general release with Defendant;
> C.  are deceased; or
> D.  filed a claim arising under the FDCPA against Defendant in any action commenced prior to the date of the Preliminary Order.

3. The Class Claims are defined as any and all claims and causes of action arising from Defendant's voice message left on a person's telephone answering device or Defendant's automated telephone call which failed to identify Defendant as the caller, state the purpose or

5

nature of the call, or disclose that it was from a debt collector and was left during the Class Period.

4. PHILIP D. STERN, ESQ. of Philip D. Stern & Associates, LLC, Maplewood, New Jersey, is appointed Class Counsel. The Court approves attorney's fees, expenses and costs to Class Counsel in the amount of $77,500 as being fair and reasonable.

5. The Agreement that has been filed in this case is hereby granted final approval as fair, reasonable and adequate. Words spelled in this Final Judgment with initial capital letters have the same meaning as set forth in the Agreement.

6. In accordance with the Agreement, Plaintiffs and the members of the Class who have not timely opted-out, release the Released Parties from the Released Claims, as follows:

    A. For Plaintiffs, all known and unknown claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that they or their heirs, executors, administrators, successors, assigns, and attorneys may have against Defendant or any of its present, former or future principals, members, subsidiaries, and affiliate entities, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys as of the date of this Agreement, it being the Plaintiffs' intent to release all claims of any kind or nature, known or unknown, pled or unpled, arising pursuant to contract, tort, common law, federal or state law, statute or regulation, that they may have against the parties herein released, and Plaintiffs specifically waive all rights under § 1542 of the Civil Code of California and any similar law of any state of territory of the United States.

That section provides as follows:

> Certain claims not affected by general release. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with debtor.

B. For the Class, all known and unknown claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that they or their heirs, executors, administrators, successors, assigns, and attorneys may have against Defendant or any of its principals, members, subsidiaries, and affiliate entities, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys, arising pursuant to contract, tort, common law, federal or state statute, or regulations, that relate in any way to any of Defendant's voice messages left on a person's telephone answering devise or Defendant's automated telephone calls which failed to identify Defendant as the caller, state the purpose or nature of the call, or disclose that it was from a debt collector and was left during the Class Period. The Class Members expressly waive all rights under § 1542 of the Civil Code of California and any similar law of any state of territory of the United States. That section provides as follows:

> Certain claims not affected by general release. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with debtor.

C.     Provided, however, that Released Claims do not:

      i.     include any debt owed to Defendant's clients or principals by

>               Plaintiffs or any Class Member,
>
> ii.     operate as an accord and satisfaction of such debts, or
>
> iii.    operate to waive any defense any Plaintiff or any Class Member may have with respect to those debts..

7. Plaintiffs and the Class Members are forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court or arbitration forum, against the Released Parties based on any Released Claim.

8. Within 35 days after the entry of this Final Judgment and provided no appeal has been filed from this Final Order, Defendant shall pay to Class Counsel, in escrow, the sum of $105,884.90, being the total of the *cy pres* payment, class representative payment, and awarded attorney's fees and costs.

9. In accordance with the Agreement, the Effective Date is the first Business Day on which the later of the following occurs:

> A.   the time for perfecting an appeal of the Final Order has expired with no appeal taken; or
>
> B.   the affirmance on appeal of the Final Order which is not subject to further review by any Court with appellate jurisdiction over the Lawsuit.

10. In accordance with the Agreement, Class Counsel will distribute those funds on the third Business Day after the Effective Date as follows: (A) $1,500 to each of the four Plaintiffs/Class Representatives; (B) $22,384.90 in total, split 50% between the two non-profits, (*i.e.*, $11,192.45 to each) to the <u>United Way's Financial Stability Program and the Lions Club International Fund, restricted to use in the United States</u>, non-profit organization(s), as the *cy pres* recipient(s); and (C) $77,500 to Class Counsel.

11. In accordance with the Agreement, upon distribution, Class Counsel shall file a certification setting forth the fact of such distribution and shall provide Defendant with a Warrant to Satisfy Judgment.

12. This Court reserves jurisdiction over all matters arising out of the Agreement and this Final Judgment.

13. Except for the relief granted in this judgment, all remaining claims and affirmative defenses of the parties are hereby dismissed with prejudice and with the parties each to bear their own costs.

14. This Order resolves all claims against all parties in this action and is a final order.

15. This Order shall not be construed or deemed to be a finding of this Court or evidence of a presumption, implication, concession, or admission by Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendant; (2) the appropriateness of any measure of alleged loss or damages or the appropriateness of class certification for any purposes other than settlement in this case.

16. It is further Ordered that a copy of this Order be served on all counsel of record within ___ days hereof.

_____
HONORABLE JOHN J. LANGAN, J.S.C.

873546.w