**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

May 1, 2012

**VIA ECF**
The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:   Oved v. Focus**
        **11 CV 768 (RRM) (RLM)**

Dear Judge Mauskopf:

I represent the plaintiff in the above referenced matter.  With all due respect to Mr. Jacobs against whom I have litigated many matters (including the matter before Your Honor Johnson v. United), we are frankly puzzled at how Mr. Jacobs can advance the arguments that he has in his letter application to the Court dated April 27, 2011.

We shall explore various reasons why the present action cannot be dismissed, but if one reads the final order in the *Klug v. Focus* matter with some element of care, it is patently obvious that the within action is excluded from the settlement in that matter.  In the Final Judgment in the second line the order states that the Preliminary Order was filed August 19, 2011. In Section D of the document the settlement Class is defined ...All natural persons in the United States and Puerto Rico ...., **excluding those persons who:**

(a) filed for bankruptcy protection since the start of the Class Period;
(b) entered into any general release with Defendant;
(c) are deceased; or
**(d) filed a claim arising under the FDCPA against Defendant in any action commenced prior to the date of the Preliminary Order**.
(emphasis added)

That means that any action filed prior to August 19, 2011 would be excluded from the settlement class.  The court file reflects that the within matter was filed on February 16, 2011.  (See docket number 1.)  Therefore, it is patently obvious that the matter is excluded from the settlement Class and should be able to proceed.

In addition, the exclusion makes clear that the parties intended that all FDCPA issues concerning calls which do not identify the caller.  A portion of the within class action suit is concerning those members who received prohibited calls on numbers for which they were impermissibly charged for the call in violation of 1692f(5)[1].  The Klug v. Focus class did not concern that issue.  Furthermore, as Mr. Jacobs has recognized, the within matter has also pled a cause of action for the Telephone Communications Privacy Act.  We believe that Mr. Jacob's citing to the release language is misleading when in fact it is that precise order which confirms the viability of the within class action.  Based upon the class definition, the release language is to be read in accordance with the definition.

Moreover under the TCPA a debt collector is "prohibited to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any  service for which the called party is charged for the call 47 U.S.C. § 227(b)(3)" In this case Focus called a number where the called party was charged for the call.

With the enactment of the TCPA - Congress banned the use of an Auto Dialer and Pre recorded voices. And every court to date has ruled that no such exemption exists when a debt collector calls a telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. Congress never gave a green light for skip tracers who make it their business to obtain as

---

[1] In this case the Defendant caused plaintiffs to incur charges for defendant's collection communications when plaintiffs had no reason to know the communication's purpose. Defendant was prohibited from placing a call that will cause a charge to plaintiffs without having notified plaintiff to expect it and without having announced its collection purpose.  Defendant called plaintiff' wireless phone numbers and the plaintiff were charged a toll on all those incoming calls.  Plaintiffs were not alerted to the calls beforehand. See. ACA International Blueprint at a Glance for 2011 Acknowledging that the FDCPA prohibits collectors from imposing additional telephone charges on consumers without disclosing the purpose of the call. And that some cell phone plans cause a consumer to incur a charge for each call received by the consumer. See also National Consumer Law Center Fair Debt Collection Volume 1 Page 314 clearly stating that calling a number that causes a charge to the debtor violates this section . See also Matthew Bender 1-8 Debtor-Creditor Law § 8.03 Stating : Causing Expenses to a Person by Concealing the Collection Purpose of a Communication Is Prohibited This provision 15 U.S.C. § 1692f(5). protects a consumer from incurring charges for collection communications when he or she has no reason to know the communications' purpose. This provision prohibits a collector from placing a collect telephone call or telegram to a consumer without having notified the consumer to expect it and without having announced its collection purpose and the same would apply to calling a consumer's wireless phone number as the consumer is likely to be charged a toll on incoming calls. The consumer would have to be alerted to call beforehand for the call not to violate the Act.

many numbers as possible to trace down the debtor to then go ahead and upload all those numbers to a computer which will auto dial and leave music playing or auto dialer messages asking the debtor to wait on hold until a live debt collector comes on the phone and all this is done at the debtors expense[2] or have the debtors harassed and charged for prerecorded messages that either fill up their voicemail box and or harass them as they answer the call to a robot. After the Supreme court granting federal jurisdiction to Federal courts on TCPA cases in <u>Mims v. ARROW FINANCIAL SERVICES, LLC,</u> 132 S. Ct. 740 (the Supreme court held that a federal court does in fact have jurisdiction to hear a TCPA claim **<u>against a debt collector</u>**), we take this opportunity to request a pre-motion conference in order to amend the complaint so that the TCPA would be considered a putative class action as well.  It is clear that the FDCPA settlement in the Krug matter can not bar a non asserted TCPA class.[3]

Thank you for the Court's consideration of the foregoing.


Yours faithfully,

/s/
Adam J. Fishbein

Cc:  Barry Jacobs, Esq.

---

[2] <u>See FCC 07-232 Declaratory Ruling</u> (Dec. 28, 2007) "Noting that Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient, the Commission determined that the TCPA and its rules prohibit such calls to wireless numbers. The Commission also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  ..... Moreover, the Commission noted that the TCPA does not ban the use of automated dialing technology. It merely prohibits such technologies from dialing emergency numbers, health care facilities, telephone numbers assigned to wireless services, and any other numbers for which the consumer is charged for the call. Such practices were determined by Congress to threaten public safety and inappropriately shift costs to consumers ... With this ruling, however, creditors and debt collectors may use predictive dialers to call wireless phones, provided the wireless phone number was provided by the subscriber in connection with the existing debt. We note, however, that where the subscriber has not made the number available to the creditor regarding the debt, we expect debt collectors to be able to utilize the same methods and resources that telemarketers have found adequate to determine which numbers are assigned to wireless carriers, and to comply with the TCPA's prohibition on telephone calls using an autodialer or an artificial or prerecorded voice message to wireless numbers " See also <u>National Association of Attorney Generals Letter to Congress</u>  (December 7th 2011) Asking congress to continue  "to shield consumers from a flood of ..., debt collection and other unwanted calls .. and not shift the cost of these debt collection calls – to consumers, which would be placing a significant burden on low income consumers as it would shift the cost of these debt collection calls – to consumers, placing a significant burden on low income consumers ..  Rather almost every Attorney General in the United States asked Congress " To revise the TCPA to make it clear that the TCPA does not preempt state laws, and that prior express consent for robocalls to wireless phones must be obtained in writing.

[3] <u>National Super Spuds, Inc. v. New York Mercantile Exchange, 660 F.2d 9 (2d Cir. 1981)</u>." (The court invalidated a settlement on the grounds that the underlying settlement agreement provided for release of two types of claim "in return for payments that were to be determined solely" based on of rights under one type of claim, and (2) "the notice of settlement did not adequately apprise class members" that their second type of claim "was being placed on the block . . . in return for nothing. The Court also held the number of objectors does not obviate an illegal settlement that compromises the rights of the class for no consideration. The court noted that If a judgment after trial cannot extinguish claims not asserted in the class action complaint, a judgment approving a settlement in such an action ordinarily should not be able to do so either)