**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

November 2, 2012

**VIA ECF**
The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:   Oved v. Focus
        11 CV 768 (RRM) (RLM)**

Dear Judge Mauskopf:

I represent the plaintiff in the above referenced matter.  Plaintiff responds to defendant's recent letter to the Court.  It appears that since the parties met before Your Honor, Mr. Jacobs only concedes that within the four corners of the complaint, an individual action could proceed under the FDCPA and the TCPA.  He has raised the issue of certain documents that were turned over within the context of settlement discussions about which I raised objection before Your Honor.  Nevertheless, we believe that down the road we will prevail upon the FDCPA claim and TCPA claim.

However, I indicated to Your Honor that we would furnish the Court with some authority despite defendant's assertions, the underlying debt is consumer in nature.

See Bloom v. I.C. Sys., Inc., 972 F.2d 1067 (9th Cir. 1992)  (In determining whether a loan fit the definition of "debt" for a claim under the FDCPA the court will look at the actual purpose of the loan; neither the lender's motives nor the manner of loan was dispositive. A consumer debt is defined as "any obligation ...of a consumer to pay money arising out of a transaction in which the money ... which [is] the subject of the transaction [is] primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Under this definition, the use of the proceeds by the borrower is paramount. The motive or intent of the lender is irrelevant.)See also Slenk v. Transworld Sys., 236 F.3d 1072, 1075 (9th

Cir. Haw. 2001) (In determining whether debt is a consumer debt, neither lender's motives nor fashion in which loan is memorialized is dispositive; court must and always will look to substance of transaction and borrower's purpose in obtaining and using the loan, rather than the form alone.) Dean v. Monslow, 2005 U.S. Dist. LEXIS 15303 (D. Kan. July 11, 2005) (Following Slenk) Calo-Rivera v. Banco Popular, 2006 U.S. Dist. LEXIS 35765 (D.P.R. May 31, 2006) (Following Slenk) Nix v. Welch & White, P.A., 2001 U.S. Dist. LEXIS 10364 (D. Del. July 18, 2001) (The borrower's intended use of the loan proceeds, not the lender's expectations, determined the purpose of the debt.) Perk v. Worden, 475 F.Supp.2d 565, 569 (E.D. Va. 2007) (The court noted that the debt at issue was not actually incurred until Plaintiff used the card, as opposed to when Plaintiff applied for the card. Although Plaintiff applied for a corporate card, she did not incur the debt until it was used for her personal purposes. The court denied the defendant's motion to dismiss that claimed the absence of a "consumer" debt, where the plaintiff alleged that she used the admittedly business-designated credit card for personal purposes: "The Plaintiff alleges that the 'debt' in the instant case arose out of transactions where the subject was for personal purposes. Plaintiff may well have violated the terms of the corporate credit card agreement by incurring personal debt with it, but that fact, even if true, cannot change the character of the debt and take it out of the FDCPA's jurisdiction." debt collectors did not have "bona fide error" defense under 15 USCS § 1692k(c) as debt collectors knew or should have known nature of debt. Sheehan v. Mellon Bank, N.A., 1995 U.S. Dist. LEXIS 13457 (E.D. Pa. Sept. 7, 1995) (Determining whether an obligation is a consumer or business debt for FDCPA purposes requires an examination of the nature of the transaction from which the debt arose) Clark v. Brumbaugh & Quandahl, P.C., 731 F. Supp. 2d 915 (D. Neb. 2010) (The plaintiff testified that she used her commercial credit card account for personal, family, or household purposes. The court found that "[a]lthough [the defendant] is correct in its contention that the Account was opened . . . ostensibly for commercial purposes, the court must focus on the nature of the debt that was incurred, and not the purpose for which the Account was opened) Vick v. NCO Fin. Sys., 2011 U.S. Dist. LEXIS 33348) (E.D. Tex. Mar. 7, 2011) (Although defendant is correct in its contention that the Account was opened on behalf of a corporation ostensibly for commercial purposes, the court must focus on the nature of the debt that was incurred, and not the purpose for which the Account was opened.) Shafe v. Tek-Collect, Inc., 2007 U.S. Dist. LEXIS 90665 (W.D. Mo. Dec. 7, 2007) (Holding that the "FDCPA is concerned with the substance of the transaction as opposed to the form.) Holman v. West Valley Collection Servs., 60 F. Supp. 2d 935 (D. Minn. 1999) (Holding that the nature of the debt is judged by the substance of the transaction that incurs the debt)  Riviere v. Banner Chevrolet, Inc., 184 F.3d 457, 462 (5th Cir. La. 1999) (Holding that loan documents are

not dispositive in determining the character of a loan and that we look to the substance of the transaction rather than the form alone) Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 875 (7th Cir. Ill. 2000) (stating that whether a debt is a "consumer debt" under the FDCPA depends on "the transaction out of which the obligation to repay arose, not the obligation itself ) Moss v. Cavalry Invs., L.L.C., 2004 U.S. Dist. LEXIS 24990, 3-4 (N.D. Tex. Sept. 20, 2004) (Fact issue of the debts nature causes denial of defendants summary judgment. Plaintiff obtained a credit card from Advanta Bank plaintiff represented that the card was for her business, Plaintiff also admitted at her deposition that she used the Advanta credit card to make business purchases. However plaintiff also states that the Advanta business card was used primarily for personal charges. Debts arising from these types of transactions are covered by the FDCPA.)

We also believe that since the federal court has jurisdiction over the TCPA, that we can bring that cause of action as a class action suit. In addition, we believe that ultimately we will show that any service where the party is charged for the call falls under the TCPA as is clearly set forth in the statute and as per Mims v. Arrow as I believe we previously brought to Your Honor's attention.

Thank you for the Court's attention to the foregoing.


Yours faithfully,

/s/
Adam J. Fishbein

Cc: Barry Jacobs, Esq.